UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPELTON KELLY,

        Petitioner,

v.                                        CASE NO. 2:18-CV-11664
                                              HONORABLE NANCY G. EDMUNDS

SHERRY BURT,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS FOR THE SIXTH CIRCUIT

Michigan prisoner Opelton Kelly ("Petitioner") has filed a pro se "Motion for Leave to Amend Habeas Corpus" essentially seeking to file a second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal conviction and sentence. Petitioner was convicted of first-degree murder following a jury trial in the Wayne County Circuit Court and was sentenced to life imprisonment without parole in 1992. The Court's records reveal that Petitioner has previously and unsuccessfully sought federal habeas relief.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, a person seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner previously filed a federal habeas petition challenging the same state

conviction and sentence, which was dismissed with prejudice as untimely under the one-year statute of limitations applicable to federal habeas actions. *Kelly v. Bergh*, No. 2:07-CV-13259 (E.D. Mich. Nov. 10, 2008) (Tarnow, J.). Petitioner dated the instant pleading on May 22, 2018. He challenges the constitutionality of the AEDPA, asserting that it is void as applied to him and that it violates the Ex Post Facto Clause. Petitioner, however, has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

                                              s/ Nancy G. Edmunds
                                              NANCY G. EDMUNDS
                                              UNITED STATES DISTRICT JUDGE

Dated: June 7, 2018

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

2

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing document was served upon counsel of record on June 7, 2018, by electronic and/or ordinary mail.

                                                              s/Lisa Bartlett
                                                              Case Manager